Elizabeth Rose Loveridge, (6025)
Anthony M. Grover, (10426)
WOODBURY & KESLER, P.C.
525 East 100 South, Suite 300
P. O. Box 3358
Salt Lake City, Utah 84102
Telephone:  (801) 364-1100
Facsimile: (801) 359-2320
eloveridge@wklawpc.com
tgrover@wklawpc.com
Attorneys for Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>**Monique Evonne Lewis**<br><br>Debtor.<br>_____<br>ELIZABETH R. LOVERIDGE, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>MONIQUE EVONNE LEWIS,<br><br>    Defendant. | Bankruptcy No. 13-31225<br><br>Chapter 7<br><br>Hon. R. Kimball Mosier<br><br><br><br>Adversary Proceeding No.<br>_____ |

**COMPLAINT TO REVOKE DEBTOR'S DISCHARGE**

Elizabeth Rose Loveridge, Chapter 7 trustee, for her complaint states:

**PARTIES, JURISDICTION AND VENUE**

1. Elizabeth R. Loveridge is the Chapter 7 trustee (the "Trustee") of this bankruptcy

1

case.

2. Monique Evonne Lewis (the "Debtor") is the Debtor.

3. This adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(J) because it is an objection to discharge.

4. The Court has jurisdiction of this matter under 28 U.S.C. §§ 157(a), 1334(b), 11 U.S.C. § 727 and D.U. Civ. R. 83-7.1 the general order of reference.

5. Venue is proper in the District of Utah because the bankruptcy case is pending here under 28 U.S.C. § 1409.

## GENERAL FACTUAL ALLEGATIONS

6. The Trustee adopts by reference paragraphs 1 through 5.

7. The Debtor filed a Chapter 7 Bankruptcy petition on October 2, 2013.

8. Both before and at the First Meeting of Creditors, the Trustee told the Debtor to deliver copies of the Debtor's 2013 Federal and State Tax Returns (the "Returns"), and to deliver all 2013 Tax Refunds to the estate (the "Refunds").

9. In October 2014, the Trustee served a Motion for Turnover and a Notice of Hearing on the Debtor and her counsel, asking the Court to require the Debtor to turn over the Returns and the Refunds.

10. On November 6, 2014, the Court ordered the Debtor to deliver the Returns and the Refunds to the estate within fourteen days (the "Turnover Order"). The Court served a copy of the Turnover Order on the Debtor and her counsel.

11. More than fourteen days have elapsed and the Debtor has not complied with the

Turnover Order.

12. Upon information and belief, the Debtor filed the Returns and received the Refunds.

13. On November 26, 2014, the Trustee sent a letter to the Debtor and her counsel, advising them of the consequences of a revocation of discharge, and requesting that the Debtor comply with the Turnover Order.

14. Neither the Debtor nor her counsel responded.

15. The Debtor has not complied with the Turnover Order.

**FIRST CLAIM FOR RELIEF**
**(11 U.S.C. §§ 727(d)(2))**

16. The Trustee adopts by reference paragraphs 1 through 15.

17. The Debtor acquired property that is property of the bankruptcy estate, or became entitled to acquire property that would be property of the bankruptcy estate, when the Debtor received the Refunds.

18. The Refunds are property of the bankruptcy estate.

19. The Debtor knowingly and fraudulently failed to deliver or surrender the Returns and Refunds to the Trustee.

20. The Debtor knew she had a duty to deliver the Returns and the Refunds because both before and at the First Meeting of Creditors, the Trustee directed her to deliver the Returns and Refunds to the estate.

21. The Debtor knew she had a duty to deliver the Returns and Refunds because the

Trustee served on her and her counsel copies of the Motion to Turnover and Notice of Hearing.

22. The Debtor knew she had a duty to deliver the Returns and Refunds because the Court served on her and her counsel the Turnover Order.

23. The Debtor's failure to deliver the Refunds to the estate was fraudulent because she kept the Refunds for her own use despite the repeated directions to deliver the Returns and Refunds to the estate.

24. The Debtor's failure to deliver Returns to the estate was fraudulent because despite her knowledge of the duty to deliver, the Debtor kept the Returns which denied the Trustee the ability to investigate the bankruptcy estate.

25. The Debtor's failure to deliver the Refunds to the estate was fraudulent because the Debtor was insolvent at the time she received the 2013 Refunds.

26. The Debtor's failure to deliver the Returns and Refunds to the estate was fraudulent because despite her knowledge of the duty to deliver, the Debtor retained the Returns and Refunds, keeping them from the Trustee and creditors, who can only rely on the Debtor's records to determine the interest of the estate, and who (with regard to the creditors) can only look to the bankruptcy estate for recovery.

27. The Debtor's failure to deliver the 2013 Refunds to the estate was fraudulent because despite her knowledge of the duty to deliver, the Debtor retained the 2013 Returns and Refunds, keeping any Refunds from the Debtor's creditors, who can only look to the bankruptcy estate for recovery.

28. Because the Debtor knowingly and fraudulently failed to turn over the Returns

4

and Refunds, the Trustee is entitled to a judgment revoking the Debtor's discharge. If the amounts of the Debtor's Refunds are determined in this case, the Trustee will be entitled to a judgment against the Debtor in the amount of the Refunds, together with costs and interest at the legal rate.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 727 (d)(3))

29. The Trustee adopts by reference paragraphs 1 through 28.

30. The Turnover Order was a lawful order of the Court.

31. The Turnover Order clearly required the Debtor to deliver the Returns and Refunds to the estate.

32. The Court sent the Debtor a copy of the Turnover Order and the Debtor knew about the order and knew what the order required her to do.

33. The Debtor disobeyed a lawful order of the Court by failing or refusing to turn over the Returns and Refunds to the Trustee.

34. The Debtor's disobedience to the Turnover Order was willful.

35. Because the Debtor disobeyed the Turnover Order, the Trustee is entitled to a judgment revoking the Debtor's discharge. If the amounts of the Debtor's Refunds are determined in this case, the Trustee will be entitled to a judgment against the Debtor in the amount of the Refunds, together with costs and interest at the legal rate.

### THIRD CLAIM FOR RELIEF
### (11 U.S.C. § 542)

36. The Trustee adopts by reference paragraphs 1 through 35.

37. The Refunds are property of the bankruptcy estate.

38. Upon information and belief, the Refunds are of consequential value and benefit to the bankruptcy estate.

39. The Debtor is obligated to turn over the Refunds.

40. The Debtor refused or failed to turn over the Refunds.

41. Because the Refunds are property of the estate and because the Refunds are of consequential value, and because the Debtor refused to turn over the Refunds, the Trustee is entitled to a judgment against the Debtor. If the amounts of the Debtor's Refunds are determined in this case, the Trustee will be entitled to a judgment against the Debtor in the amount of the Refunds, together with costs and interest at the legal rate.

### FOURTH CLAIM FOR RELIEF
### (11 U.S.C. § 542)(e)

42. The Trustee adopts by reference paragraphs 1 through 41.

43. The Debtor is required to turn over the Returns and the Returns are property of the estate.

44. Upon information and belief, the Returns are of consequential value and are of benefit to the bankruptcy estate because they may lead to the discovery of assets recoverable for the estate.

6

45. Under the Turnover Order, the Debtor is obligated to turn over the Returns.

46. The Debtor refused or failed to turn over the Returns.

47. Because the Returns are property of the estate and because the Returns are of consequential value, and because the Debtor refused to turn over the Returns, the Trustee is entitled to a judgment against the Debtor requiring delivery of the Returns to the estate.

## PRAYER FOR RELIEF

WHEREFORE the Trustee requests the Court:

1. Revoke the Debtor's discharge.

2. In the event the amount of the Debtor's Refunds are determined in this case, the Court should award a judgment against the Debtor in the amount of the Refunds, together with costs and interest at the legal rate.

3. Award the Trustee such other relief as is just.

DATED this 31st day of December, 2014.

**WOODBURY & KESLER, P.C.**

_/s/_
Anthony M. Grover
Attorneys for Chapter 7 Trustee

<u>Plaintiff's Address</u>
Elizabeth R. Loveridge
Chapter 7 Trustee
525 East 100 South, Suite 300
Salt Lake City, Utah 84102